# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **JUDY BRENNON** | * | **CIVIL ACTION NO. 09-1093** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PFIZER, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is an unopposed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. # 3] filed by defendant, Pfizer, Inc. ("Pfizer"), seeking dismissal of all of plaintiff's claims, except for her claim in redhibition. The district court referred the motion to the undersigned magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that Pfizer's motion to dismiss [Doc. # 3] be GRANTED IN PART, insofar as it seeks dismissal of plaintiff's punitive damages claims and all other claims not arising under the Louisiana Products Liability Act or in redhibition. It is further recommended that Pfizer's motion to dismiss otherwise be DENIED.

## BACKGROUND

On March 4, 2008, Judy Brennon filed the above-captioned suit against Pfizer in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiff alleges that in February 2008 she began using a prescription drug, varenicline, that was manufactured and sold by Pfizer under the trade name Chantix. (Petition, ¶¶ 1, 11).[1] Brennon contends that as a direct

---

[1] Varenicline/Chantix is prescribed to assist smoking cessation treatment. (Petition, ¶ 29).

result of her Chantix use, she suffered seizures, one of which occurred while she was shopping at a Rite Aid store, causing her to fall and sustain personal injuries. *Id*. at ¶ 19. Plaintiff alleges that as a direct and proximate cause of Pfizer's "negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts, [she] sustained injuries and damages" including severe and permanent bodily injury. *Id*. at ¶¶ 23-24. Plaintiff seeks compensatory damages for severe and permanent bodily injury, pain and suffering, disability, mental anguish, lost enjoyment of life, medical and nursing care expenses, lost wages, and loss of earning capacity. *Id*. at ¶¶ 23-26. Brennon further requests an award for punitive damages and attorney's fees. (Petition, Global Prayer for Relief).

On June 30, 2009, Pfizer removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[2] On July 6, 2009, Pfizer filed the instant motion to dismiss for failure to state a claim upon which relief may be granted. The motion contends that nearly all of plaintiff's claims fall outside the permissible scope of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51 *et seq*., which sets forth the exclusive theories of liability for product liability cases in Louisiana. The motion further contends that the instant allegations do not support a claim for punitive damages under Louisiana law. No opposition has been filed, and the time for accomplishing same has expired. *(See,* LR.7.5W, and Notice of Setting Motion

---

[2] Plaintiff is a Louisiana citizen; defendant is a Delaware corporation, with its principal place of business in New York. (Notice of Removal, ¶ 10). Therefore, the parties are completely diverse. Although plaintiff alleged in her petition that her damages do not exceed $ 75,000, defendant has demonstrated that it is facially apparent that the type and severity of the specific damages *claimed* more likely than not exceeded the requisite jurisdictional minimum for the exercise of federal diversity jurisdiction at the time of removal. *See, De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). Plaintiff has not otherwise argued or established to a legal certainty that her damages do not exceed $ 75,000. *De Aguilar, supra*.

[doc. # 4]). Accordingly, the motion is deemed unopposed. (Notice of Motion Setting).

## 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' **This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements**.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted) (emphasis added).

Nonetheless, a 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982).

## ANALYSIS

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct.

2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). In this case, it is undisputed that Louisiana law supplies the substantive law. *See Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed);[3] *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 906 (E.D. La. 2007) (applied substantive law of plaintiff's home state in defective drug product case).

**a) LPLA Exclusivity**

Under Louisiana law, the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq*., provides "the exclusive theories of liability for manufacturers for damage caused by their products. **A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA].**" La. R. S. 9:2800.52 (emphasis added); *see also, Jefferson*, 106 F.3d at 1251.

As a result of the LPLA, Brennon's claims against Pfizer for strict liability, negligence, gross negligence, and breach of express warranty are not viable as independent theories of recovery outside of the LPLA framework. *Jefferson, supra*. The LPLA's exclusivity provision further precludes plaintiff's claims for intentional tort;[4] unjust enrichment;[5] breach of implied

---

[3] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (J. Vance)

[4] *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 262 (5th Cir. 2002) (no intentional tort exception to exclusive remedy provision of LPLA).

[5] *See Hilton v. Atlas Roofing Corp.*, 2006 U.S. Dist. LEXIS 30284 (E.D. La. May 17, 2006) (dismissing unjust enrichment claim as precluded by the LPLA).

4

warranty;[6] and for fraudulent, negligent, or reckless misrepresentation and concealment.[7] However, plaintiff's redhibition claim for economic loss is not precluded by the LPLA. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 251 (5th Cir. 2002); *see also*, La. R.S. 9:2800.53(5).

b) **Sufficiency of the LPLA Allegations**

Pfizer contends that plaintiff's petition fails to set forth a direct claim under the LPLA. To hold a manufacturer liable under the LPLA, a plaintiff must establish: "damage proximately caused by a characteristic of the product that rendered its product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R. S. 9:2800.54 A. The product is unreasonably dangerous if, and only if the product is: 1) unreasonably dangerous in construction, 2) unreasonably dangerous in design, 3) unreasonably dangerous due to an inadequate warning, or 4) unreasonably dangerous because it does not conform to an express warranty. La. R. S. 9:2800.54 B. In other words, to state a cause of action under the LPLA, plaintiff must prove:

1. that the defendant is a manufacturer of the product;

2. that the claimant's damage was proximately caused by a characteristic of

---

[6] Assuming that Louisiana recognizes a breach of implied warranty claim separate and apart from a redhibition claim. *See, Dawson Farms, LLC v. BASF Corp.*, 2008 U.S. Dist. LEXIS 39826, *7 n2 (W.D. La. May 16, 2008).

[7] *See Jefferson*, 106 F.3d at 1251 (dismissing claims for negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy); *Grenier v. Medical Eng'g Corp.*, 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (dismissing claims for strict liability, negligence, breach of warranty of fitness for a particular purpose, breach of implied warranty; misrepresentation/fraud; fraud by concealment; false advertising; negligent infliction of emotional distress; and fear of future product failure), *affirmed*, 243 F.3d 200 (5th Cir. La. 2001); and *Ingram v. Bayer Corp.*, 2002 U.S. Dist. LEXIS 10402 (E.D. La. May 29, 2002) (dismissing claims for negligence, gross negligence, strict liability, fraud, misrepresentation, concealment, conspiracy, suppression, and willful, wanton, and reckless conduct)

     the product;

3.  that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and

4.  that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Jefferson*, 106 F.3d at 1251.

  Although Brennon's petition uses titles which allude to non-LPLA claims, Brennon's petition does contain the requisite factual allegations to state a claim under the LPLA. Moreover, even though plaintiff's factual allegations are often embedded within claims that do not exist outside of the LPLA, that does not bar their consideration for purposes of stating a claim under the LPLA. *See, Rathborne v. Rathborne*, 683 F.2d 914, 917 (5th Cir. 1982) ("complaint need not correctly categorize the legal theories giving rise to the claims; it must merely allege facts upon which relief can be granted.") (citation omitted). Indeed, here, plaintiff specifically alleges that Chantix was a defective product under the LPLA. (Petition, ¶ 143). Plaintiff further alleges that Pfizer designed, manufactured, sold, and distributed Chantix. *Id*. at ¶ 1. Plaintiff states that the drug was prescribed and/or lawfully obtained and further used by plaintiff in a reasonably foreseeable manner. *Id*. at ¶¶ 11-12. Plaintiff contends that there have been 86 reports of convulsions or seizures associated with varenicline use. *Id*. at ¶ 56(d).

  The petition further alleges that "Chantix is unreasonably dangerous: a) in construction or composition; b) in design; c) because an adequate warning about the respective drugs was not provided; and d) because the respective drugs do not conform to an express warranty of the manufacturer about the product." (Petition, ¶ 152). The petition fleshes out these allegations by stating that the label contained no warning and/or an inadequate warning for risk of seizures, serious injury, and/or death. *Id*. at ¶ 80.[8] Plaintiff further alleges that Chantix was unreasonably

---

[8] Plaintiff contends that defendant knew or should have known of this risk. *Id*. at ¶ 81.

dangerous as designed, because it failed to perform safely when used as intended by ordinary customers in a reasonably foreseeable manner because the risks of seizures, serious injury, and/or death posed by the drug exceeded any benefit that the drug was designed to bestow, and there existed safer alternative methods and designs for the product. (Petition, ¶¶ 143, 144,147). She also alleges that defendant breached express warranties by representing that the product was safe and that it did not produce any unknown dangerous side effects. (*See* Petition, ¶¶ 166-167). The petition concludes that plaintiff suffered personal injuries and damage due to defendant's defective design of Chantix, and that, had there been adequate warnings and instructions, Brennon would not have taken Chantix, and would not have been at risk of seizure. *Id*. at ¶¶ 158, 160.

Accordingly, plaintiff has alleged and factually supported characteristics of Chantix which may prove to be unreasonably dangerous under the Act. Plaintiff's products liability allegations surpass mere speculation and "'raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re Southern Scrap Material Co., LLC, supra*.

**c) <u>Punitive Damages</u>**

Throughout the various claims set forth in her petition, plaintiff asserts the right to recover punitive damages. However, exemplary or punitive damages are not recoverable under Louisiana law unless expressly provided for by statute. *Albert v. Farm Bureau Ins., Inc.*, 940 So.2d 620, 622 (La. 2006) (citation omitted). It is manifest that plaintiff's complaint does not implicate the two specific circumstances in which exemplary damages are authorized under Louisiana law. *See*, La. Civ. Code Arts. 2315.4 and 2315.7. Accordingly, dismissal is required.

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. # 3] filed by defendant, Pfizer, Inc. be **GRANTED IN PART**, and that judgment be entered in favor of Pfizer **DISMISSING WITH PREJUDICE** plaintiff's punitive damages claims and

all other claims not arising under the Louisiana Products Liability Act or in redhibition.

**IT IS FURTHER RECOMMENDED** that Pfizer's motion to dismiss [doc. # 3] otherwise be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of July 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE